**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DARRYL ALLMOND and JANE G. CHARLES,

      Plaintiffs,

vs.                                                   CASE NO.  3:04-cv-1079-J-32TEM

STATE OF FLORIDA DEPARTMENT
OF CHILDREN AND FAMILIES, et al.,

      Defendants.
_____

## REPORT AND RECOMMENDATION[1]

This cause is before the Court on Defendant DCF's Motion to Dismiss Amended

Complaint (Doc. #30, Motion), filed February 22, 2005.  Defendant DCF maintains that

even if all the allegations in Plaintiffs' Amended Complaint (Doc. #13) are taken as true,

they fail to state any claim upon which relief can be granted as to Defendant State of

Florida Department of Children and Families ("DCF").[2]  The Court agrees.

### BACKGROUND

The Plaintiffs' amended complaint alleges that the Defendant violated Plaintiffs' civil

and constitutional rights and caused "serious mental and physical pain and an unwarranted

---

[1]Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document.  Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking the factual findings on appeal.

[2] The Court notes that there was no direct response by the Plaintiffs to the motion to dismiss as to Defendant DCF.  However, the Court, in addressing the present matter, has considered Plaintiff's (sic) Reply in Opposition to Defendants (sic) Motion to Dismiss, Doc. # 26, which responds to Defendants' Motion to Dismiss Amended Complaint, Doc. #19 (pertaining to Defendants Tucker, Giglia, Bennett, Parker, Doe, and Doe,  in their individual and official capacities).

hardship" by denying or defrauding Plaintiffs of food stamps valued over four hundred dollars. *See* Doc. # 13, p. 2 ¶ 1.  Plaintiffs' amended complaint asserts claims under the following: 1) 42 U.S.C. § 1983; 2) the Racketeer Influenced and Corrupt Organizations Act; 3) Due Process and Equal Protection under the Fifth and Fourteenth Amendments; 4) the Eighth Amendment and the Fourth Amendment of the Constitution; 5) the International Covenant on Civil and Political Rights; 6) the Convention on the Prevention and Punishment of the Crime of Genocide; and 7) the "Customary International Law of Human Rights."

The allegations in Plaintiffs' amended complaint can be summarized as follows.  On August 27, 2004, Plaintiff Jane Charles applied to the State of Florida Department of Children and Families (DCF) for food stamps for herself and her two children, Rawl and Hermi Charles.  Apparently, a delay occurred in the approval of the application and the disbursement of the food stamps possibly due to a series of administrative errors on the part of DCF involving the incorrect recording of the information that Plaintiff Charles supplied on her application, i.e. the wrong apartment number, a typo to her social security number, and misspelling of her children's names.

Plaintiff Jane Charles  filed a subsequent application for food stamps on September 23, 2004 which included her husband, Plaintiff Darryl Allmond.  DCF approved that application on September 24, 2004 and determined that they were eligible for food stamps from November 1, 2004 to January 31, 2005 in the amount of $257 per month.  Doc. #13, Exhibit E.

Plaintiffs assert in the amended complaint that they did not receive food stamps for the approximately one month period from August 27, 2004 through September 30, 2004.[3] Doc. #13 at 7 (stating that DCF maintained that it posted the food stamps, but that Plaintiffs never received them).  Plaintiffs claim that since they did not have food stamps for that time period they had to use their rent money for food and their rent was therefore late, "creat[ing] a hardship on [their] condition of life."  Doc. #13, p. 8, ¶ 4.  However, in Plaintiffs' Reply in Opposition to Defendant' Motion to Dismiss, they state that they did receive food stamps in the amount of $49 in August 2004  and $371 in September 2004, Doc. #26 at 15, which is in accord with DCF's recorded payment history.  *See supra* note 2.  Based on these conflicting assertions it is unclear to the Court whether the Plaintiffs' assert that they are still owed food stamps for that period, or whether their complaint goes to the delay in receiving such benefits.

Additionally, Plaintiffs set forth their receipt of food stamps, including for the entire period of established eligibility under the September application, as follows: August, $49; September, $371; October, $257; November, $257; December, $499; January, $257.[4]  Doc.

[3] Plaintiffs do not specifically assert that Ms. Charles' initial application in August, 2004 was approved; however, it appears that it was from the letter to Ms. Charles  from DCF dated October 19, 2004 (Doc. #13, Exhibit L), acknowledging clerical errors which delayed the August and September, 2004 food stamps.  Also, a DCF-generated payment history submitted by Plaintiffs (Doc. #5, Exhibit H), which is not now before the Court, shows payment of $49 for August 2004 and $371 for September 2004.  However, the amount to which Ms. Charles may have been entitled for that period is not documented.

[4] A letter to Ms. Charles from DCF dated November 24, 2004, states that DCF reviewed Plaintiffs' eligibility and determined that the food stamp benefits would be reduced from $499 to $257 as of January 1, 2005 due to a change in supplemental security income (SSI).  Doc. #26, Exhibit Z.  Based on all other allegations and exhibits supplied by the Plaintiffs it is unclear to the Court that the Plaintiffs were entitled to more

# 26 at 15.  Since the Plaintiffs have established entitlement only for the period of November through January at a rate of $257 per month, it is unclear to the Court what Plaintiffs claim they are entitled to but did not receive.[5]

Plaintiffs further allege, although not in the complaint itself, that before Mr. Allmond was included on his wife's application for food stamps, his own independent application for food stamps was improperly denied.  *See* Plaintiff's (sic) Reply in Opposition to Defendants (sic) Motion to Dismiss, Doc. #26, p.2, ¶ 1.  Plaintiffs allege that in denying that application Defendants violated DCF's policies of granting emergency food stamps within seven (7) days because Mr. Allmond had no money or food and had moved from Virginia to Florida a few days prior.  *Id.*

Plaintiffs assert that all of the actions taken by the Defendants were motivated by racial or ethnic discrimination.  However, the Plaintiffs fail to state any facts that would support even an inference of a discriminatory motive on the part of the Defendants.[6]

_____

than $257 in monthly food stamp benefits during that period.

[5] The Court does not have before it any evidence of entitlement to benefits for any period beyond January 31, 2005.  Plaintiffs, in their Motion Pursuant to Fed. R. Civ. P. 37 (Doc. # 32), which was a motion for sanctions, requested leave to attach an affidavit of Darryl Allmond alleging that for the month of February 2005, the food stamps were not posted to Plaintiffs' account until February 15, and then at a reduced amount. The Court notes that motion for sanctions was denied.  *See* Doc. #37.

[6] Plaintiffs state that Defendants "directed discrimination against Mr. Allmond because he has dread lock hair and indian (sic) skin and for being from another state." Doc. #13, p. 8, ¶5.  Also, Plaintiffs assert that Plaintiff Jane Charles and her two sons have a green card and passport but are from the state of Saint Lucia, West Indies Group and the defendants discriminated against them in the form of "bad treatment" and discriminated against Plaintiff Allmond by denial of food stamps. Doc. #26, p. 7. However, Plaintiffs assert no facts as to Defendants' actions that support this conclusion.

As in *Sanders v. Jefferson County Dept. of Human Resources*, 117 F.Supp.2d

Plaintiffs assert that since they did not receive food stamps in a timely fashion they have suffered and will continue to suffer irreparable injury as a result. Plaintiffs brought this action against Defendant for declaratory and injunctive relief, compensatory damages of $250,000, punitive damages, and costs.

*DISCUSSION*

**Standard for Motion to Dismiss**

A motion to dismiss will be denied unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). The allegations in the complaint must be taken as true for purposes of the motion to dismiss. *Id.* Where the plaintiff is proceeding *pro se*, the court should construe the complaint more liberally than it would otherwise. *Id.* (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). However, the leniency generally granted to *pro se* litigants does not give a court license to serve as *de facto* counsel for the party, or to rewrite a deficient pleading in order to sustain an action. *GJR Inv., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

In the present case, the undersigned finds that even a liberal reading of the amended complaint does *not* support a viable cause of action in federal court.[7]

---

1199, where a food stamp participant's § 1983 claim alleged discrimination on account of religion, Plaintiffs have failed to do more than assert conclusory allegations against the Defendant. *Id.* at 1202-03,1208 (dismissing with prejudice where the plaintiff, who practiced Judaism, questioned the fairness and impartiality of Christian defendants in handling his food stamp claim).

[7] Although not required, the Court's liberal reading of the amended complaint included consideration of allegations set forth in Plaintiff's (sic) Reply in Opposition to Defendants (sic) Motion to Dismiss (Doc. #26), wherein Plaintiffs requested leave to add

**Eleventh Amendment Immunity**

Defendant DCF asserts that it is entitled to Eleventh Amendment immunity. Under the Eleventh Amendment,[8] a state and its agencies are immune from suits brought in federal courts by private parties, unless the state has consented to such a suit, or there has been a legitimate abrogation of immunity by Congress. *Sanders*, 117 F. Supp.2d at 1204 (citing *Edelman v. Jordan*, 415 U.S. 651 (1974) in dismissing with prejudice a food stamp participant's civil rights suit against government officials where the plaintiff, who practiced Judaism, questioned the fairness and impartiality of Christian defendants in handling is food stamp claim). A state's waiver of its sovereign immunity must be "unequivocally expressed." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). Furthermore, 42 U.S.C. § 1983 does not override a state's Eleventh Amendment immunity. *Id.* (citing the holding from *Quern v. Jordan*, 440 U.S. 332, 342 (1979)). This immunity includes a federal suit on the basis of state law when the relief sought and ordered has an impact directly on a state itself. *Doe v. Moore*, No. 04-10279, 2005 WL 1324592, at *10 (11th Cir. June 6, 2005) (citing *Halderman*, 465 U.S. at 117).

Defendant DCF correctly states that it is a state agency and is entitled to Eleventh Amendment immunity from suit (Doc.# 30, p. 10), be it in law or equity. The Plaintiffs do

---

to their amended complaint the allegations set forth therein. *See* Doc. #26 at 16. The Court need not construe and grant that request as a motion to amend the complaint, as the Court finds that even if the Court allowed amendment the Plaintiffs fail to set forth sufficient facts to establish a claim upon which relief can be granted.

[8] "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state or by citizens or subjects of any foreign state." U.S.Const. amend. XI.

not contend that the State of Florida has consented to this suit, nor do they contend that there has been a legitimate abrogation of immunity by Congress.  As discussed *supra*, without such consent or congressional abrogation of immunity the suit must be dismissed. Since this immunity extends to all of Plaintiffs' claims against DCF there remains no claim upon which relief can be granted as to Defendant DCF.

The Court finds Plaintiffs' amended complaint fails to state any claim upon which relief can be granted as to Defendant DCF and therefore **recommends that Defendant DCF's Motion to Dismiss Amended Complaint be GRANTED and the case be DISMISSED *with prejudice*.**

**DONE AND ENTERED** at Jacksonville, Florida this __27th__   day of July 2005.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies:
All Counsel of Record
Pro Se Parties