**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DARRYL ALLMOND and
JANE G. CHARLES,

       Plaintiffs,

vs.                                             Case No. 3:04-cv-1079-J-32TEM

STATE OF FLORIDA DEPARTMENT
OF CHILDREN AND FAMILIES, et al.,

       Defendants.

## **ORDER**

On October 8, 2004, plaintiffs filed suit against the State of Florida Department of Children and Families (DCF) and several of its employees alleging that defendants violated various federal, state and international laws when they denied plaintiffs' application for food stamps for the months of August and September 2004 (Doc. 1).[1] On December 21, 2004 plaintiffs amended their complaint (Doc. 13).[2] This case is now before the Court on Defendants James L. Bennett, Jr., Albert Parker, Sally

---

[1] Plaintiffs' application for food stamps was approved beginning in September 24, 2004.

[2] In their amended complaint, plaintiffs allege that in denying their application for food stamps, the defendants either individually or collectively violated plaintiffs' civil and constitutional rights as guaranteed by the 4th, 5th, 8th, and 14th amendments, as well as the civil RICO statute, the International Covenant on Civil and Political Rights, the Convention on the Prevention and Punishment of the Crime of Genocide, and the Customary International Law of Human Rights.

Case 3:04-cv-01079-TJC-TEM   Document 43   Filed 09/28/05   Page 2 of 4 PageID 192

Tucker, and Joanne Giglio's Motion to Dismiss (Doc. 19) and Defendant DCF's Motion to Dismiss (Doc. 30). Plaintiffs filed a response in opposition to the individual defendants' motion (Doc. 26) but did not file a separate response to DCF's motion. The motions were referred to the Honorable Thomas E. Morris, United States Magistrate Judge, for the rendering of a Report and Recommendation (Docs. 27, 31). On July 28, 2005, Judge Morris issued two Reports and Recommendations recommending that both motions to dismiss be granted (Docs. 38 & 39).[3] Plaintiffs filed objections (Doc. 42). Defendants have not filed any responses to the objections and the time in which to do so has now passed.

Plaintiffs raise four objections to the Reports and Recommendations, all of which are due to be overruled. Plaintiffs' first objection (that defendants have admitted negligence and have therefore violated plaintiffs' civil and constitutional rights), is overruled because Eleventh Amendment immunity, qualified immunity and sovereign immunity protect these defendants from liability for the acts of negligence plaintiffs allege have been admitted. Plaintiffs' second objection (that *pro se* plaintiff Darryl Allmond may represent *pro se* plaintiff Jane G. Charles because she is his wife) is overruled because the Magistrate Judge did not take this representation into

---

[3]In addition to addressing all allegations of plaintiffs' amended complaint, the Magistrate Judge considered arguments and allegations raised throughout the other papers plaintiffs filed in this case, included those matters plaintiffs' proposed to add through further amendment and those which conceivably could be construed from the allegations of their amended complaint, such as common law negligence.

account in rendering his Report and Recommendation and in fact the Magistrate Judge considered all arguments and allegations as if they applied to each of the two plaintiffs. Plaintiffs' third objection (that the food stamps "were not posted with [EBT] in the months of Sept[ember] and Aug[ust] of 2004") is overruled because, while the Magistrate Judge noted inconsistencies in plaintiffs' papers as to whether they actually received payments for the August and September 2004 food stamps, he construed their claims as alternatively alleging a cause of action related to the delay in receiving those payments.  Finally, plaintiffs' fourth objection (that the Magistrate Judge overlooked evidence and that plaintiffs were prejudiced by the failure of the Report and Recommendation to issue within the 45 day time period requested) is overruled because the undersigned finds the Magistrate Judge thoroughly considered every potential allegation and argument raised by plaintiffs.  Although the Court always strives to issue timely decisions, given the caseload in this District, it is not always possible to rule as quickly as the Court would like.

Accordingly, upon independent review of the file, it is hereby

**ORDERED**:

1.  Plaintiffs' objections to the Reports and Recommendations (Doc. 42) are **overruled**.

2.  Upon review, the undersigned now **adopts** the Reports and Recommendations (Doc. 38, 39) for the reasons stated therein.

3

3. Defendants' Motions to Dismiss (Docs. 19, 30) are **granted**.

4. Plaintiffs' Amended Complaint (Doc. 13) is **dismissed with prejudice**[4] and the Clerk is directed to **close** the file.

**DONE AND ORDERED** at Jacksonville, Florida this 28th day of September, 2005.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

Honorable Thomas E. Morris
United States Magistrate Judge

counsel of record
*pro se* parties

---

[4] Although the Magistrate Judge recommended that some claims be dismissed with prejudice and others without, any further amendment to plaintiffs' pleadings would be futile and the Court finds the preferable course is to simply dismiss the entire case with prejudice. The Court also notes that while "Jane Doe" and "John Doe" defendants were named in the heading of the amended complaint, they are not named among the parties listed within the body of the amended complaint, no claims are alleged against them (other than those alleged against "defendants") and they were never served. Thus, dismissal of this case is the proper course as to those defendants as well.